# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **RORY WOODWORTH,**<br><br>      **Plaintiff,**<br>**vs.**<br><br>**SUBPRIME LENDERS, INC., REPUBLIC HOME LOANS, OPTION ONE SERVICING, INC., et al,**<br><br>      **Defendants.** | CASE NO: CV07-520-S-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter is Plaintiff Rory Woodworth's motion for temporary restraining order and preliminary injunction (Docket No. 2). The Complaint and motion were filed on December 13, 2007, but there is no certificate of service indicating that the Complaint and/or motion have been served on Defendants.

Factual Background

Plaintiff filed his complaint against multiple defendants alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., Federal Reserve Board Regulation Z, 12 C.F.R. § 226, Real Estate Procedures Act, 12 U.S.C. §§ 2601-17, unjust enrichment, breach of fiduciary duty, and Idaho's Unfair and Deceptive Practices Act. Plaintiff executed a promissory note and a security agreement in the amount of $439,430.16 for the purchase of his primary residence with Defendant Subprime Lenders. Plaintiff claims required TILA and other disclosures were not made by Defendants and so the time to rescind the agreement did not start to run. After Plaintiff discovered the actual terms

MEMORANDUM ORDER-Page 1
07ORDERS\woodworth_tro

of his note and security agreement, he sent a notice of recission on February 26, 2007. Plaintiff now seeks the Court to enjoin Defendants from threatening to foreclose on the property.

Standard of Review

Temporary restraining orders are designed to preserve the status quo pending the ultimate outcome of litigation. They are governed by Federal Rule of Civil Procedure 65(b) which requires the moving party to show that "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition...." Under Rule 65(b) and Ninth Circuit case law, a plaintiff may obtain a temporary restraining order only where he or she can "*demonstrate* immediate threatened injury." See, e.g., Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis in original).

Fed. R. Civ. P. 65(a) discusses the procedure to be followed on an application for a preliminary injunction. Broadly defined, a preliminary injunction is a judicial remedy that is issued to protect a plaintiff from irreparable harm while preserving the court's power to render a meaningful decision after a trial on the merits. Thus, a preliminary injunction may issue even though a plaintiff's right to permanent injunctive relief is not certain. The grant or denial of a preliminary injunction is a matter of the court's discretion exercised in conjunction with the principles of equity. See Inland Steel v. U.S., 306 U.S. 153 (1939); Deckert v. Independence Shares Corp., 311 U.S. 282 (1940); and Stanley v. Univ. of Southern California, 13 F.3d 1313 (9th Cir. 1994).

While courts are given considerable discretion in deciding whether a preliminary injunction should enter, and injunctive relief is not obtained as a matter of right, it is also considered to be an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. See Sampson v. Murray, 415 U.S. 61 (1974); Brotherhood of Locomotive

Engineers v. Missouri-Kansas-Texas R. Co., 363 U.S. 528 (1960); and Stanley v. Univ. of Southern California, 13 F.3d 1313 (9th Cir. 1994).

In the case of Martin v. International Olympic Committee, 740 F.2d 670, 674-675 (9th Cir. 1984), the Ninth Circuit stated that a party seeking preliminary injunctive relief must meet one of two tests. Under the first,

> [A] court may issue a preliminary injunction if it finds that: (1) the [moving party] will suffer irreparable harm if injunctive relief is not granted, (2) the [moving party] will probably prevail on the merits, (3) in balancing the equities, the [non-moving] party will not be harmed more than [the moving party] is helped by the injunction, and (4) granting the injunction is in the public interest.

Id. (internal quotations and citations omitted); and Stanley v. Univ. of Southern California, 13 F.3d 1313, 1319 (9th Cir. 1994). Under the second, the movant must show "either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits." Miller v. California Pacific Medical Center, 19 F.3d 449, 456 (9th Cir. 1994) (en banc). This alternative test is on a sliding scale: the greater the likelihood of success, the less risk of harm must be shown, and vice versa. Id.

Speculative injury is insufficient to support a finding of irreparable harm. As the Ninth Circuit has stated,

> Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction . . . a plaintiff must do more than merely allege imminent harm to establish standing, a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.

Carribean Marine Service Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Analysis

Rule 65(b) of the Federal Rules of Civil Procedure provides for temporary restraining orders to be issued ex parte. However, it is the policy of this Court, whenever possible, to ensure that all parties are properly served and are afforded an opportunity to file written responses to motions and to be present at hearings. The Plaintiff shall serve his complaint and a copy of all pleadings filed thus far on the Defendants on or before December 28, 2007.

Based on the foregoing, and based on a preliminary review of the allegations of the Plaintiff's Complaint, the Court has determined that Plaintiff's motion for a temporary restraining order will be denied. The Court finds that Plaintiff has not established likelihood of success on the merits or that irreparable harm exists. As to likelihood of success on the merits, Defendants have not had the opportunity to come forward with documentation to establish whether or not the disclosure requirements were satisfied. While Plaintiff may not agree with the terms and conditions of the agreements he signed, the Court must first examine what was signed to determine if proper disclosures were or were not made. If required disclosures were not made, Plaintiff may be entitled to relief, but such a determination cannot be made from the pleadings presented to the Court.[1] Additionally, Plaintiff claims in the memorandum that the Court should bar Defendants' threatened foreclosure sale of the home. The record does not indicate that a foreclosure proceeding has begun or that a foreclosure sale is pending. Therefore, irreparable harm is speculative and has not been established.

---

[1] In Plaintiff's memorandum, Docket No. 2-2, p. 10, the discussion of irreparable harm includes individuals who are not named parties (Madonna M. and Kenneth J. Woodworth) and refers to living in a home since 1999, but the security agreement in this case was signed in 2005. Moreover, there are no copies of the documents referred to in the Complaint or memorandum for the Court to review.

ORDER

Being fully advised in the premises, the Court hereby orders that the motion for a temporary restraining order (Docket No. 2) is DENIED and the motion for a preliminary injunction (Docket No. 2) will be ruled upon only after the motion has been fully briefed.

It is further ordered that Plaintiff shall serve the Complaint, a copy of all pleadings filed thus far and a copy of this Memorandum Order on all Defendants on or before December 28, 2007.

DATED: **December 19, 2007**

/s/ Edward J. Lodge
Honorable Edward J. Lodge
U. S. District Judge