IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RORY WOODWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-CV-520 |
| | ) | |
| vs. | ) | |
| | ) | |
| SUBPRIME LENDERS, INC. | ) | |
| Original Lender, | ) | |
| REPUBLIC HOME LOANS, INC. | ) | **REPORT AND RECOMMENDATION** |
| Mortgage Broker, | ) | |
| OPTION ONE SERVICING, INC. | ) | |
| Servicer, | ) | |
| AND UNKNOWNS 1-10 | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Currently pending before the Court is Movant Option One Mortgage Corporation's

("Movant") Motion to Dismiss (Docket No. 12). Having carefully reviewed the record and

otherwise being fully advised, the Court enters the following Report and Recommendation:

## I.  INTRODUCTION

Within this action's caption, Movant is not a named party; instead Option One Servicing,

Inc. is named. Nonetheless, Movant (and not Option One Servicing, Inc.) is listed as one of the

parties within the body of Plaintiff's Complaint. *See* Compl., p. 3 (Docket No. 1). In an

abundance of caution (and apparently conceding for the purpose of its Motion only that it and the

named party are distinguished by a technical defect), Movant seeks to dismiss Plaintiff's

Complaint via FRCP 12(b)(5) - insufficient service of process. *See* Mot. to Dismiss, p. 2

**REPORT AND RECOMMENDATION - 1**

(Docket No. 12).[1]  Specifically, Movant argues that "Plaintiff has failed to properly serve

Movant in this action, jurisdiction cannot be asserted over Movant without proper service, and it

is proper for this Court to dismiss Plaintiff's cause of action against Movant . . . based upon

Plaintiff's failure to comply with the Federal Rules of Civil Procedure and Idaho law applicable

to service of process."  *See* Memo. in Supp. of Mot. to Dismiss, p. 2 (Docket No. 12, Att. 2).

## II.  PROCEDURAL BACKGROUND

1.      On December 13, 2007, Plaintiff filed the underlying Complaint in the United

States District Court for the District of Idaho.  Compl. (Docket No. 1).  Within the caption of the

Complaint, Plaintiff identifies Option One Servicing, Inc. as one of three named Defendants.  *Id*.

However, Option One Servicing, Inc. is not later identified as one of the parties within Plaintiff's

Complaint.  Option One Mortgage Corporation, the Movant, is identified instead.  *Id*. at p. 3.

2.      On January 16, 2008, Plaintiff's counsel sought to withdraw from the action.

Mot. to Withdraw (Docket No. 7 & Att. 1).  That same day, Judge Edward J. Lodge granted

Plaintiff's counsel's request, simultaneously ordering Plaintiff to notify the Court how Plaintiff

was to be represented - either by another attorney or by representing himself - within twenty-one

(21) days.  *See* Order (Docket No. 8).  Judge Lodge further stated in no uncertain terms that,

"since it does not appear from the record that Defendants have been served, it will be up to

Plaintiff or Plaintiff's new counsel to serve the pleadings . . . on Defendants in accordance with

the applicable Federal Rules of Civil Procedure."  *Id*.

---

[1]  Perhaps Plaintiff's subsequently-filed Motion for Temporary Restraining Order and
Preliminary Injunction (Docket No. 2) explains the confusion as to the appropriate parties.
There, Plaintiff lists Option One Mortgage Corporation, the Movant, as a Defendant within the
Motion's caption.  *Id*. at p. 1.  Plaintiff also infers in the caption that Option One Mortgage
Corporation is "also known as" "Option One Mortgage Servicing."  *Id*.

**REPORT AND RECOMMENDATION - 2**

3.      On February 4, 2008, Plaintiff filed a Notice of Appearance, indicating that he

will be representing himself pro se.  *See* Notice of Appearance Pro Se (Docket No. 9).

4.      On February 25, 2008, Plaintiff requested more time to serve his Complaint.  *See*

Mot. to Extend Time (Docket No. 10).  The next day, Judge Lodge granted Plaintiff's request for

an extension, giving Plaintiff until March 31, 2008 "to serve his complaint on the Defendants

and to retain counsel if he so desires."  *See* Order (Docket No. 11).  At that time, Judge Lodge

referred all pre-trial matters to Chief United States Magistrate Judge Larry M. Boyle.  *Id.*

5.      At approximately this same time, Plaintiff apparently secured a Summons from

the United States District Court for the District of Idaho with regard to Movant, Option One

Mortgage Corporation.  *See* Summons in a Civil Action (Docket No. 14).  Although unclear

from the record, it appears that Plaintiff attempted to mail the Summons and Complaint to

Movant's corporate address in California via certified mail.  *Id.* at 2.  On March 3, 2008, Debra

L. Woodworth executed a Return of Service.  *Id.* at 3.  Together, these documents were filed

with the Court on April1, 2008.

6.      In the meantime, however, Movant filed the instant Motion to Dismiss.  *See* Mot.

to Dismiss (Docket No. 12).  According to CM/ECF, Plaintiff received notice of Movant's

efforts to dismiss this action.  Plaintiff's response to Movant's Motion to Dismiss was due on or

before April 17, 2008.  To date, Plaintiff has not responded specifically to the Motion to

Dismiss, other than to file the above-referenced Return of Service.

### III.  ANALYSIS

Where the validity of service is contested via motion pursuant to FRCP 12(b)(5), the

burden is on the plaintiff (the party claiming proper service has been effected) to establish the

**REPORT AND RECOMMENDATION - 3**

validity of service.  *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985); *Grand Entm't*

*Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3rd Cir. 1993).  The plaintiff normally

meets this burden by producing the process server's return of service.  The return is generally

accepted as *prima facie* evidence that service was effected and of the manner in which it was

effected.  *Croy v. Skinner*, 410 F. Supp. 117, 131 (N.D. Ga. 1976).  Unless some defect in

service is shown on the face of the return, a motion to dismiss under FRCP 12(b)(5) then

requires the defendant to produce affidavits, discovery materials, or other admissible evidence

establishing the lack of proper service.  *See Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d

939, 941 (10th Cir. 1987).

 For the purpose of this Motion only, Plaintiff's Return of Service (Docket No. 14) will be

recognized as *prima facie* evidence that service was effected.  Therefore, with the burden

shifting to Movant to support its claim that Plaintiff's Complaint be dismissed, the Court next

turns to the merits of Movant's Motion, Memorandum, and accompanying Affidavit (Docket No.

12).

 Movant is a California corporation, registered as a foreign corporation with the Idaho

Secretary of State.  *See* Aff. of Counsel in Supp. of Mot. to Dismiss, p. 2 (Docket No. 12, Att. 3).

Service upon a corporation is outlined by FRCP 4(h), which states:

> Unless federal law provides otherwise or the defendant's waiver has
> been filed, a domestic or foreign corporation . . . that is subject to suit
> under a common name, must be served:
>
> (1)  in a judicial district of the United States:
>
>  (A)  in the manner prescribed by Rule 4(e)(1) for serving
>   an individual; or
>
>  (B)  by delivering a copy of the summons and of the

**REPORT AND RECOMMENDATION - 4**

> complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant; or
>
> (2)    at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(I).

Fed. R. Civ. P. 4(h).  Because FRCP 4(h)(2) does not appear to apply, Plaintiff may satisfy his service requirements by either (1) serving Movant consistent with FRCP 4(e)(1) or (2) delivering a copy of the summons and of the complaint to Movant's officer, managing or general agent, or any other agent authorized to receive service of process.  *See* Fed. R. Civ. P. 4(h)(1)(A) & (B). Both methods are examined below.

## A.    Service of Process Pursuant to FRCP 4(e)(1)

FRCP 4(e) outlines the service requirements of an individual within a judicial district of the United States.  Relevant to this action, FRCP 4(e)(1) states:

> Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served in a judicial district of the United States by:
>
> (1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

Fed. R. Civ. P. 4(e)(1).  Consistent with FRCP 4(e)(1)'s direction, IRCP 4(d)(4) speaks to "service upon domestic or foreign corporations."  Like FRCP 4(h)(1)(B), IRCP 4(d)(4) states:

> (A)    Upon a domestic or foreign corporation by delivering a copy of the summons and complaint to an officer, managing or general agent, or to any other agent authorized by appointment or by statute of this state to receive service of process . . . .

**REPORT AND RECOMMENDATION - 5**

(B)     Whenever any foreign corporation which has qualified in the state by filing with the Secretary of State or a domestic corporation or association shall not have designated a person actually residing in the state upon whom service of process can be made, or whenever such agent of a corporation shall resign, be removed from office, or shall have died or shall have moved from the state, or if after due diligence neither the designated agent of the corporation nor any officer or managing agent of the corporation can be found within the state, then service of any summons and complaint against the corporation may be made by the party serving the same by mailing copies of the summons and complaint by registered or certified mail to the corporation addressed to its registered place of business and to the president or secretary of the corporation at the addresses shown on the most current annual statement filed with the Secretary of State.  Service shall be complete upon such mailing by certified or registered mail.  The party or attorney serving the corporation under this paragraph shall make a return certificate indicating compliance with the provision of this rule and attaching a receipt of the mailing.

Id. R. Civ. P. 4(d)(4)(A) & (B).  It cannot be said that Plaintiff's efforts at serving Movant

sufficiently satisfied either of the two state law requirements listed above.

First, there is no evidence that "an officer, managing or general agent, or . . . any other

agent authorized . . . to receive service of process" on Movant's behalf was actually served with

the underlying Summons and Complaint as is required under IRCP 4(d)(4)(A).  Indeed, the

Summons itself lists only "Option One Mortgage Corp." at its corporate address in Irvine,

California - nothing more.  *See* Summons, p. 1 (Docket No. 14).  The Certified Mail Receipt is

likewise devoid of any reference to the required recipients for proper service, as is the Return of

Service.  *See Id*. at pp. 2-3.  In short, only through a very liberal reading of IRCP 4(d)(4)(A)

could Plaintiff's attempt to serve Movant be interpreted as satisfactory.  Absent any Idaho

authority granting permission and commensurate justification for making such a finding, this

**REPORT AND RECOMMENDATION - 6**

Court cannot accept such an invitation.  Therefore, Plaintiff has not satisfied the service requirement prescribed by IRCP 4(d)(4)(A).

Second, Movant has a registered agent in Idaho - CT Corporation System.  *See* Aff. of Counsel in Supp. of Mot. to Dismiss, p. 4 (Docket No. 12, Att. 3).  This appears to be the proper, and arguably easiest, avenue for Plaintiff to secure service of process upon Movant under the existing circumstances.  Pursuant to IRCP 4(d)(4)(B)'s clear and unambiguous language, only when a foreign corporation *does not* have a designated agent upon whom service of process can be accomplished can service of process be effectuated by mailing copies of the Summons and Complaint by registered or certified mail to Movant's place of business.[2]  In other words, Plaintiff's attempt at mailing via certified mail the Summons and Complaint to Movant's business address in California is without effect when the predicate condition is not met - that is, when Movant has a registered agent in Idaho.  Therefore, Plaintiff also has not satisfied the service requirement within IRCP 4(d)(4)(B).

Since Plaintiff has not satisfied Idaho's requirements for service of process pursuant to IRCP 4(d)(4), Plaintiff has similarly failed to satisfy its federal counterpart's, FRCP 4(h)(1)(A), method of service of process.

**B.      Service of Process Pursuant to FRCP 4(h)(1)(B)**

As with IRCP 4(d)(4)(A), FRCP 4(h)(1)(B) recognizes that service of process may be accomplished by delivering a copies of the Summons and Complaint to Movant's officer, managing or general agent, or any other agent authorized to receive service of process.  Fed. R.

---

[2]  This requirement is *in addition* to service of the Summons and Complaint to the "president or secretary of the corporation at the addresses shown on the most current annual statement filed with the Secretary of State."  *See* Id. R. Civ. P. 4(d)(4)(B).

**REPORT AND RECOMMENDATION - 7**

Civ. P. 4(h)(1)(B).  Again, it appears here that Plaintiff simply mailed a copy of the Summons

and Complaint to Movant at its business address in California.  *See* Summons, (Docket No. 14).

There is no indication whatsoever that the Summons and Complaint made their way to any of the

qualifying individuals upon whom service may be secured - neither an officer, managing or

general agent, nor any other agent authorized to accept service of process.  Indeed, it is

altogether unknown to whom the Summons and Complaint were delivered.  At the very least,

assuming the correct address and postage was utilized, they may have been received by a

receptionist; however, that is simply not enough.  *See Baade v. Price*, 175 F.R.D. 403, 405 (D.

D.C. 1997) (person served must have some measure of discretion in operating some phase of

defendant's business or in management of given office);[3] *Kovalesky v. A.M.C. Assoc.*

*Merchandising Corp.*, 551 F. Supp. 544, 546 (SDNY 1982) (service on receptionist insufficient);

*see also Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 567 (3rd Cir. 1996) (delivering

summons and complaint to firm's office manager was not effective service on firm); *Larsen v.*

*Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000) (addressing summons and complaint to

"Medical/Legal Department, Mayo Clinic [the defendant]" held insufficient under FRCP 4(h)).

---

[3] In *Baade*, the plaintiff also argued that service should not be quashed because the
defendant had notice of the plaintiff's suit nonetheless.  *Baade*, 175 F.R.D. at 405.  The court
disagreed, concluding that:

> [S]ervice of process must be quashed because plaintiff failed to serve
> defendant . . . pursuant to Rule 4(h) of the Federal Rules of Civil
> Procedure.  The law is clear and mandates that there be strict
> compliance to Rule 4(h) and it is irrelevant whether or not defendant
> . . . had actual notice of the lawsuit.

*Id.* (internal citations omitted); *but see Flynn v. Pulaski Const. Co.*, 2006 WL 47304 (D. D.C.
2006) (finding actual notice sufficient to overcome service deficiency where bookeeper *also*
represented to process server that she was authorized to receive service).

**REPORT AND RECOMMENDATION - 8**

Without delivering the Summons and Complaint to the appropriate parties pursuant to

FRCP4(h)(1)(B), jurisdiction remains lacking as applied to Movant. Because neither FRCP

4(h)(1)(A) nor FRCP 4(h)(2)(B) is met, Movant has not been properly served.

**C.     Plaintiff is Directed to Properly Serve Movant on or Before June 13, 2008**

In addition to the proper, and sometime technical yet necessary, procedure involved with

serving an out-of-state corporate defendant, it is also important to recognize the timing for

accomplishing the same. FRCP 4(m) speaks to the timing issue and states in relevant part:

> If a defendant is not served within 120 days after the complaint is
> filed, the court - on motion or on its own after notice to the plaintiff -
> must dismiss the action without prejudice against that defendant or
> order that service be made within a specified time. But if the plaintiff
> shows good cause for the failure, the court must extend the time for
> service for an appropriate period.

Fed. R. Civ. P. 4(m).[4]  Here, Plaintiff's Complaint was filed on December 13, 2007; therefore,

according to FRCP 4(m), Movant was to be served on or before April 11, 2008. Based upon the

analysis above, Plaintiff did not properly serve Movant as of April 11, 2008. Nonetheless, it is

clear to this Court that Plaintiff, representing himself, at least tried to serve Movant when he

mailed a copy of the Summons and Complaint to Movant via certified mail. With this backdrop

---

[4] A 1993 amendment to FRCP 4 "increase[d] a district court's discretion to extend the
120-day time period by authorizing the court 'to relieve a plaintiff of the consequence of an
application of this subdivision even if there is no good cause shown.'" *Adams v. Allied Signal
Gen. Aviation Avionics*, 74 F.3d 882, 886 (8th Cir. 1996) (quoting Rule 4 Advisory Committee
Notes (1993)). Thus, under FRCP 4(m), courts are required to extend the time for service on a
showing of good cause, but have the discretion to extend the time, rather than dismiss the case
without prejudice, even in the absence of such a showing. *See Id*. (stating "[d]ismissal is not
invariably required where service is ineffective: under such circumstances, the district court has
discretion to either dismiss the action, or quash service but retain the case."); *see also Henderson
v. United States*, 517 U.S. 654, 661-62 (1996) (concluding that "the 120-day provision operates
not as an outer limit subject to reduction, but as an irreducible allowance").

**REPORT AND RECOMMENDATION - 9**

in mind, coupled with the inherent authority granted by FRCP 4(m), the Court is permitted to

quash Plaintiff's prior service attempts in one instance, and order that service be accomplished

by a date certain in another instance.  *See Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737,

741 (2nd Cir. 1985) ("Where service of process is insufficient, '[t]he courts have broad

discretion to dismiss the action or to retain the case but quash the service that has been made on

defendant.'" (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1354, at 585-

86 (1969)); *see also United States v. McLaughlin*, 470 F.3d 698, 701 (7th Cir. 2006) (affirming

district court's exercise of discretion in extending time for service where complaint was not

served until 271 days after it had been filed but defendant had received a copy within the 120

day period); *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) ("On its face, Rule

4(m) does not tie the hands of the district court after the 120-day period has expired.  Rather,

Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint

*after* the 120-day period.") (emphasis in original).  This is particularly applicable in that it

appears that Plaintiff attempted to effectuate service within the 120-day period.

Given that Movant maintains a registered agent within Idaho, there is a strong probability

that process can be properly satisfied.  This reality, coupled with Plaintiff's *pro se* status and

lack of prejudice to Movant, merits the brief preservation of this action at this juncture to allow

service of process.  *See Moore v. Agency for Int'l Development*, 994 F.2d 874, 876 (D.C. Cir.

1993) ("Pro se litigants are allowed more latitude than litigants represented by counsel to correct

defects in service of process and pleadings.").  Therefore, Plaintiff has until June 13, 2008 to

properly serve Movant.

**REPORT AND RECOMMENDATION - 10**

In the meantime, the Court strongly suggests that Plaintiff seek the assistance of counsel

to help in this task and, perhaps, beyond.[5]

## IV.  RECOMMENDATION

In accordance with the foregoing, it is RECOMMENDED that the District Court enter an

order consistent with the following:

1.      Movant's Motion to Dismiss (Docket No. 12) be DENIED;

2.      Plaintiff's service efforts upon Movant prior to the entry of this Recommendation

        be QUASHED; and

3.      Plaintiff be directed to properly served Movant on or before June 13, 2008.



DATED:  **May 14, 2008**.


_____

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

---

[5]  In making this ruling, the Court is in no way commenting upon the merits or lack
thereof of Plaintiff's Complaint, Motion for Temporary Restraining Order and Preliminary
Injunction, and/or any defenses (including statutes of limitation defenses) that may apply.

**REPORT AND RECOMMENDATION - 11**